UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR AUTHORIZATION TO OBTAIN LOCATION
DATA CONCERNING A CELLULAR TELEPHONE
ASSIGNED CALL NUMBER (203) 550-7073,
WITH INTERNATIONAL MOBILE SUBSCRIBER
IDENTITY ("IMSI") NUMBER 310260259574874

---

3:19mj991(WIG)

FIFTH APPLICATION OF THE UNITED STATES PURSUANT TO 18 U.S.C. § 3013a, FOR ORDER *NUNC PRO TUNC* AUTHORIZING DELAYED NOTIFICATION OF SEARCH WARRANT, AND REQUEST TO SEAL

The United States of America, moving by and through undersigned counsel, respectfully submits this fifth ex parte application for an Order pursuant to 18 U.S.C. § 3013a, authorizing *nunc pro tunc* an additional 90-day period of delayed notification from August 26, 2011, to November 23, 2011, of the execution of a search warrant to ascertain the physical location of the cellular telephone assigned call number (203) 550-7073, with IMSI 310260259574874, with service provided by T-Mobile (the "TARGET CELLPHONE"), which is a prepaid phone with no subscriber and used by RICHARD T. UVA, a/k/a "RICK UVA," "RICH UVA," and "RICHIE UVA" ("UVA"), including but not limited to E-911 Phase II data (or other precise location information) concerning the TARGET CELLPHONE (the "Requested Information").[1]  The United

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET CELLPHONE at the start and end of any call.

States also requests that this application, the proposed Order, and any resulting Order be sealed, until further order of the Court. As grounds for this application, the United States says:

    1.    On September 30, 2010, the United States applied for a warrant pursuant to Federal Rule of Criminal Procedure 41, authorizing agents of the FBI to ascertain the physical location of the TARGET CELLPHONE, including but not limited to E-911 Phase II data (or other precise location information) concerning the Requested Information of the TARGET CELLPHONE for a period of thirty (30) days.

    2.    As set forth in the Affidavit submitted in connection with the original warrant, the warrant was likely to lead to evidence of, among other offenses, illegal gambling in violation of 18 U.S.C. §§ 1955 and 2 (the "TARGET OFFENSES").

    3.    On September 30, 2010, this Court granted the warrant.

    4.    On October 28, 2010, the United States returned this search warrant to the Court.

    5.    Ordinarily, "[w]ithin 10 calendar days after the use of the tracking device has ended, the officer executing a tracking-device warrant must serve a copy of the warrant on the person who was tracked or whose property was tracked." Fed. R. Crim. P. 41(f)(2)(C). However, that same rule provides that "[u]pon the government's request, a magistrate judge . . . may delay any notice required by this rule if the delay is authorized

by statute." Fed. R. Crim. P. 41(f)(3). The 2006 Advisory Committee notes to Rule 41 cross-reference Rule 41(f)(3) to a corresponding statute, 18 U.S.C. § 3103a(b), "which authorizes a court to delay any notice required in conjunction with the issuance of any search warrants." 18 U.S.C. § 3103a(b) provides, in pertinent part:

>  (b) Delay.— With respect to the issuance of any warrant or court order under this section, or any other rule of law, to search for and seize any property or material that constitutes evidence of a criminal offense in violation of the laws of the United States, any notice required, or that may be required, to be given may be delayed if—
>
>  (1) the court finds reasonable cause to believe that providing immediate notification of the execution of the warrant may have an adverse result (as defined in section 2705, except if the adverse results consist only of unduly delaying a trial);
>
>  (2) the warrant prohibits the seizure of any tangible property, any wire or electronic communication (as defined in section 2510), or, except as expressly provided in chapter 121, any stored wire or electronic information, except where the court finds reasonable necessity for the seizure; and
>
>  (3) the warrant provides for the giving of such notice within a reasonable period not to exceed 30 days after the

date of its execution, or on a later date certain if the facts of the case justify a longer period of delay.

6. 18 U.S.C. § 2705(a) defines an "adverse result" of providing immediate notification, which justifies delayed notification, as follows:

(a)(2)  An adverse result for the purposes of paragraph (1) of this subsection is—

(A) endangering the life or physical safety of an individual;

(B) flight from prosecution;

(C) destruction of or tampering with evidence;

(D) intimidation of potential witnesses; or

(E) otherwise seriously jeopardizing an investigation .

. . .

7. On November 5, 2010, the United States submitted an application to the Court for authorization to delay the disclosure period pursuant to 18 U.S.C. § 3013a by an initial period of thirty days to November 27, 2010.  An affidavit of Task Force Officer Kevin Keenan was submitted in connection with this initial request.  On November 5, 2010, the Court granted this request by written order.

8. On December 23, 2010, the United States submitted an application to the Court for authorization to delay the disclosure period pursuant to 18 U.S.C. § 3013a by an additional

period of ninety days to February 25, 2011. On January 3, 2011, the Court granted this request by written order. On February 28, 2011, the United States submitted an application to the Court for authorization to delay the disclosure period pursuant to 18 U.S.C. § 3013a by an additional period of ninety days to May 27, 2011. On February 28, 2011, the Court granted this request by written order. On August 4, 2011, the United States submitted an application to the Court for authorization to delay the disclosure period *nunc pro tunc* pursuant to 18 U.S.C. § 3013a by an additional period of ninety days to August 25, 2011. On August 4, 2011, the Court granted this request by written order.

9. Producing the warrant to UVA, and notifying him of the execution thereof, at this time would have an adverse result in this matter as defined by 18 U.S.C. § 2705(a)(2), in particular,(a)(2)(C), destruction of or tampering with evidence, and (a)(2)(E), otherwise seriously jeopardizing an investigation.

10. The Government's investigation is ongoing, and witnesses have been subpoenaed to testify before the grand jury. While search warrants have been executed on UVA and his associates, neither UVA nor his associates have been arrested yet as a result of this investigation into their operation of an illegal gambling business. Moreover, although UVA and his associates may harbor suspicions that they have been subject to Title III surveillance, there has been no official confirmation

from the government about the scope or duration of the wire and electronic surveillance for this investigation.

WHEREFORE, the United States respectfully requests, pursuant to 18 U.S.C. § 3013a, that the Court issue the accompanying proposed Order, authorizing an additional 90-day period of delayed notification *nunc pro tunc* of the execution of the warrant to the TARGET CELLPHONE, and that the Court seal this application, the proposed Order, and any resulting Order, until further Order of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:    27th day of September, 2011.

_____
Harold H. Chen
ASSISTANT UNITED STATES ATTORNEY
Federal Bar No. ct24432
1000 Lafayette Blvd., 10th Floor
Bridgeport, CT 06604
(203) 696-3037